**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 25-00904-FMO |
| Plaintiff, | |
| v. | **ORDER RE: VACATING STAY OF MAGISTRATE JUDGE'S ORDER AND FURTHER PROCEEDINGS** |
| CARLITOS RICARDO PARIAS, | |
| Defendant. | |

On October 21, 2025, the government ("plaintiff") filed its Complaint (Dkt. 1), alleging that Carlitos Ricardo Parias ("defendant") committed an assault on a federal officer in violation of 18 U.S.C. § 111. Defendant was arrested that same day. (See Dkt. 5, Report Commencing Criminal Action). On October 27, 2025, defendant appeared before Magistrate Judge Chooljian and was arraigned and advised of the charge. (See Dkt. 6, Court's Order of October 27, 2025). Judge Chooljian ordered defendant temporarily detained and set a detention hearing for October 31, 2025. (See id.); (Dkt. 10, Order of Temporary Detention).

At the contested detention hearing, Judge Chooljian denied the government's request to detain defendant. (See Dkt. 13, Court's Order of October 31, 2025, at 1). That same day, the government filed an Application for Review or Reconsideration ("Application") of Judge Chooljian's release order. (See Dkt. 12, Application).

On November 4, 2025, the government filed an indictment charging defendant with one count of Assault on Federal Officer Using a Deadly or Dangerous Weapon in violation of 18 U.S.C. § 111(a)(1) and (b), and one count of Depredation of Government Property in violation of 18 U.S.C. § 1361.  (See Dkt. 24, Indictment at 1).  The case was apparently assigned to the undersigned on the same day.  (See Case No. 2:25-mj-06539-DUTY, Dkt. 24, Court's Order of November 4, 2025) ("All future filings should be made in case 2:25-cr-00904-FMO.").  Also on the same day, a criminal duty district judge, unaware that the case had been assigned to the undersigned, stayed Judge Chooljian's release order pending a detention hearing set for November 6, 2025.[1]  (See Dkt. 20, Court's Order of November 4, 2025).

On November 5, 2025, defendant filed opposing papers to the government's Application.  (See Dkt. 21, Brief in Support of Bail).  On November 17, Magistrate Judge Mircheff recommended that defendant be provided with a medical examination and re-examined for pain management.  (See Dkt. 27, Abstract of Court Proceeding of November 17, 2025).  In light of the foregoing, IT IS ORDERED THAT:

1. The stay on the magistrate judge's release order is hereby **vacated**.  Defendant shall be **released forthwith**.  In the event defendant is not released forthwith, or if he is taken into custody by ICE or any other federal law enforcement agency following his release, the government shall **forthwith** file a Notice Re: Defendant's Custody Status, explaining defendant's custody status, identify the facility where he is being detained, and specify the agency that has custody over defendant.

2. In the event defendant is not released forthwith, or if he is taken into custody by ICE or any other federal law enforcement agency following his release, defense counsel may file an ex

---

[1] The record is unclear as to the time when the case was assigned to the undersigned and when the criminal duty judge stayed the Magistrate Judge's release order.  Of course, if the case was assigned to the undersigned before the criminal duty judge stayed the magistrate judge's order, then the order was void, as the criminal duty judge had no authority to issue any decisions in the case after the case was assigned to a district judge.  It also unclear from the record whether a hearing ever went forward before the criminal duty judge on November 6, 2025.

parte application to dismiss the operative charging document.  The parties shall comply with the court's requirements regarding ex parte applications.

3.  The hearing on the government's Application is hereby set for **December 1, 2025**, at **2:00 p.m.**  The government may file a supplemental memorandum of points and authorities in support of its Application by no later than **12:00 p.m.** on **November 24, 2025**.  If the government does not file a supplemental memorandum by the deadline set forth above, the court will review the Application as it is currently docketed (Dkt. 12).

4.  In the event the government files a supplemental memorandum, defendant shall file a response to the supplemental memorandum by no later than **5:00 p.m.** on **November 26, 2025**.  Otherwise, defendant may file a supplemental memorandum to his Brief in Support of Bail (Dkt. 21) by the deadline set forth above.

5.  The government shall no later than **12:00 p.m.** on **November 24, 2025**, file a certified transcript(s) of all the proceedings held before Magistrate Judge Chooljian.  **Audio recordings will not be considered** and the hearing on the government's Application will not proceed until a transcript is provided.  In addition, counsel for the government, Christopher R. Jones, shall no later than **12:00 p.m.** on **November 24, 2025**, file a signed declaration under penalty of perjury explaining why the government – knowing that defendant was in custody – waited more than two weeks after the case was assigned to the undersigned to seek review of the Magistrate Judge's release order.  Defense counsel shall file a response to the government counsel's declaration by no later than **5:00 p.m.** on **November 26, 2025**.

6.  Unless otherwise ordered, no further briefing shall be permitted by either party.

7.  Sanctions, including dismissal of the operative charging document, may be imposed for failure to comply with any provisions set forth in this order.

Dated this 21st day of November, 2025.

                                              /s/
                               Fernando M. Olguin
                           United States District Judge