BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTOPHER R. JONES (Cal. Bar No. 343374)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7383
     Facsimile: (213) 894-0141
     E-mail:    christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00904-FMO |
|---|---|
| Plaintiff, | DECLARATION OF ASSISTANT UNITED STATES ATTORNEY CHRISTOPHER R. JONES |
| v. | |
| CARLITOS RICARDO PARIAS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Christopher R. Jones, hereby submits the following declaration under penalty of perjury in compliance with the Court's November 21, 2025 Order (Dkt. 29 ("the Order")) detailing the activities that the government has taken between the defendant's initial appearance on October 27, 2025, and the Court's Order on November 21, 2025, to seek

//

//

1  a hearing on the government's application for review of the
2  Magistrate Judge's October 31, 2025 order granting defendant bond.
3
4  Dated: November 24, 2025          Respectfully submitted,
5                                    BILAL A. ESSAYLI
                                     First Assistant United States
6                                    Attorney
7                                    ALEXANDER B. SCHWAB
                                     Assistant United States Attorney
8                                    Acting Chief, Criminal Division
9
                                              /s/
10                                   CHRISTOPHER R. JONES
                                     Assistant United States Attorney
11
                                     Attorneys for Plaintiff
12                                   UNITED STATES OF AMERICA

## DECLARATION OF CHRISTOPHER R. JONES

I, Christopher R. Jones, declare as follows:

1. I am an Assistant United States Attorney at the U.S. Attorney's Office for the Central District of California assigned to the above-captioned matter.

**Timeline of Initial Appearance and Appeal**

2. On October 27, 2025, I handled defendant's initial appearance on the criminal complaint charging him with violating 18 U.S.C. § 111(a), during which the government moved for pretrial detention. (Dkt. 3, 6.) At defense counsel's request, the hearing was continued to Friday, October 31, 2025, which I also handled. (Dkt. 10.)

3. On October 31, 2025, the Honorable Jacqueline Chooljian, United States Magistrate Judge, ordered the defendant be released on bond, contingent on satisfaction of the following conditions, among others: (1) the posting of a $5,000 cash payment by defendant; and (2) the filing of two unsecured affidavits of sureties, each for $5,000. (Dkt. 13.)[1] At the hearing, the government requested a stay of the ruling pending an application for review, which the court denied. Defendant did not seek an appeal.

4. The same day as the detention hearing, the government filed an application seeking review of the order denying the government's request for detention. (Dkt. 12 ("Application for Review").)

5. On November 4, 2025, at 10:13 a.m., the Chambers of the Honorable Fernando L. Aenlle-Rocha, United States District Judge, in

---

[1] As of this filing, I do not believe that defendant has satisfied the bond terms as set by the Magistrate Judge, because he has not posted a cash deposit of $5,000.

1

his capacity as the duty district judge, sent an email to government and defense counsel to set the hearing on the government's Application for Review for November 6, 2025. The corresponding minute order also stayed the Magistrate Judge's bond order pending resolution of the government's application. (Dkt. 20.)

6. Also on November 4, 2025, an indictment was returned against defendant, charging him with violations of 18 U.S.C. § 111(a)(1), (b) and 18 U.S.C. § 1361, which was assigned to the Honorable Fernando M. Olguin, United States District Judge.

7. On November 6, 2025, I emailed a conformed copy of the indictment -- which had not yet appeared on PACER -- to the Chambers of Judge Aenlle-Rocha and defense counsel before the hearing on the government's Application for Review. At the hearing, Judge Aenlle-Rocha concluded that because the case had been assigned to Judge Olguin, that Judge Olguin should rule on the Application for Review. Judge Aenlle-Rocha also ruled that his November 4, 2025 stay of Magistrate Judge Chooljian's order would still remain in effect.[2]

**Pending Application and the Court's Order**

8. On November 19, 2025, having not heard anything further from the Court on the government's Application for Review, I reached out to defense counsel by phone so we could jointly inquire with the Court's CRD. Between November 19, 2025, and November 21, 2025, I exchanged emails with defense counsel about her availability and sent a draft of my proposed communication to the CRD, which I then sent on

---

[2] As of this filing, the minutes of the November 6, 2025 hearing have not been posted to the docket. On November 21, 2025, the government inquired with the Courtroom Deputy Clerk ("CRD") for Judge Aenlle-Rocha on the status of those minutes.

November 21, 2025. The parties proposed November 24, 2025, as a mutually convenient date.

9. Between October 31 and November 18, 2025, defense counsel did not reach out to discuss the Application for Review, or the conditions of bond that defendant had yet to satisfy.

10. Then, on November 21, 2025, the Court issued its Order that the government explain "why the government – knowing that defendant was in custody – waited more than two weeks after the case was assigned to the undersigned to seek review of the Magistrate Judge's release order" and scheduled that hearing for December 1, 2025.

11. After receiving the Court's Order, I conferred with my Deputy Chief, Section Chief, and the Chief of Ethics and Post-Conviction Review. In reviewing this timeline and in hindsight, because the minutes from Judge Aenlle-Rocha's November 6, 2025 hearing were not posted to the docket, it would have been prudent for the government to notify Judge Olguin's chambers about the status of the Application for Review and what had transpired before Judge Aenlle-Rocha. Following the detention hearing before Judge Aenlle-Rocha, I mistakenly believed that this Court would schedule its own hearing on the government's pending Application for Review at the Court's convenience without further communication from the parties.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on November 24, 2025.

_____
CHRISTOPHER R. JONES
Assistant United States Attorney

3