TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
CHRISTOPHER JONES (Cal. Bar No. 343374)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7383
     Facsimile: (213) 894-0141
     E-mail:    christopher.jones4@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-cr-00904-FMO |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER EXTENDING DEADLINE TO DISCLOSE INFORMATION UNDER *UNITED STATES V. HENTHORN* |
| v. | |
| CARLITOS RICARDO PARIAS, | |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Christopher Jones, hereby replies to defendant's opposition (Dkt. 66) to Plaintiff's motion for an ex parte application (the "Application") for an order extending the deadline to disclose Henthorn information. (Dkt. 64.)

1

The government's reply is based on the attached Memorandum of Points and Authorities, the files and records in this case, and any other evidence or argument the Court may permit.

Dated: December 17, 2025         Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

         /s/
CHRISTOPHER JONES
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government takes all of its obligations seriously in a criminal case whether they arise under Brady, Giglio, the Jencks Act, Rule 16, or an individual Court's Case Management Order. The government takes very seriously this Court's decision to impose specific disclosure obligations in this case, including earlier deadlines than may have otherwise been the default. With respect to Henthorn/Giglio information, for example, the government recognizes that this Court imposed a disclosure deadline in its Case Management Order that the government missed.

The government's instant application seeks only to extend that specific deadline, not any other relief from, for example, the Court's equally clear discovery cutoff language in its Case Management Order. The government acknowledges that, under the Court's Case Management Order (Dkt. 42), the government will not be permitted to introduce at trial discovery produced after the December 5, 2025 discovery cutoff, and the government does not seek to do so. The discovery cutoff, however, does not affect the government's continuing discovery obligations, including under Rule 16, or Brady and its progeny.

Defendant's primary objection to the government's request to continue the Henthorn disclosure deadline relates to objections defendant has raised about the other types of discovery the government has produced. The government does not agree with many of defendant's characterizations of the discovery chronology in this case, but to the extent the defense has concerns about missing discovery, the government remains willing to meet and confer, and ultimately, will address any motion to compel defendant should file.

1

If the defendant's concern is that the government will seek to introduce late produced discovery, the government repeats again that it understands the Court's Case Management Order and has no intention of seeking to introduce this information at trial.  The government, however, will continue to comply with its discovery obligations and will continue to produce discovery in this case.  To the extent defendant argues that the continuing production of discovery has created prejudice, any purported prejudice "could be minimized by granting a continuance" of the trial date, Taylor v. Illinois, 484 U.S. 400, 413 (1988), which the government does not oppose.

  With respect to a delay specifically in the production of Henthorn material, which is the only issue presently before the Court, defendant also asserts he has been (or will be) prejudiced should the Court grant this very brief extension.  The government respectfully disagrees.  Henthorn material required under this deadline relates to the credibility of a testifying law enforcement witness, which would be used primarily to cross examine a witness at trial.  Any claim of prejudice from a delay in producing this material is premature -- ultimately, until the government makes the requisite disclosures, which it is working diligently to do, the defense cannot know what it will need to investigate or do with any disclosed information, if anything.  Thus, defendant's objection to continuing this deadline is misplaced and unripe.  There is still time for defendant to investigate and prepare for cross-examination of a law enforcement witness under the government's newly proposed deadline.  But should the government's disclosures this week prejudice the defense's ability to adequately prepare for trial, the appropriate range of remedies can be addressed at that time.