**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

**HONORABLE FERNANDO M. OLGUIN, U.S. DISTRICT JUDGE**

**UNITED STATES OF AMERICA,** )
)
**Plaintiff,** )
)
**v.** ) **Case No. CR 25-904 FMO**
)
**CARLITOS RICARDO PARIAS,** )
)
**Defendant.** )
______________________________)

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**
**APPLICATION FOR REVIEW OR RECONSIDERATION**
**and**
**STATUS CONFERENCE**
**THURSDAY, DECEMBER 4, 2025**
**2:30 PM**
**LOS ANGELES, CALIFORNIA**

**MYRA L. PONCE, CSR NO. 11544, CRR, RPR, RMR, RDR**
FEDERAL OFFICIAL COURT REPORTER
350 WEST 1ST STREET, ROOM 4455
LOS ANGELES, CALIFORNIA 90012
(213) 894-2305

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**


BILAL A. ESSAYLI
Acting United States Attorney
BY: ALEXANDRA MICHAEL
Assistant United States Attorney
312 North Spring Street
Los Angeles, California 90012


**FOR THE DEFENDANT:**


CUAUHTÉMOC ORTEGA
Federal Public Defender
BY: CUAUHTÉMOC ORTEGA
BY: GABRIELA RIVERA
Deputy Federal Public Defenders
321 East Second Street
Los Angeles, California 90012


**CERTIFIED SPANISH INTERPRETER:** JESUS RIVERA

THURSDAY, DECEMBER 4, 2025; 2:30 PM

LOS ANGELES, CALIFORNIA

-oOo-

02:30PM THE COURTROOM DEPUTY: Calling Item Number 4, CR 25-00904, United States of America versus Carlitos Ricardo Parias.

Will counsel make their appearances.

02:30PM MS. MICHAEL: Good afternoon, Your Honor. Alexandra Michael on behalf of the United States. I'm standing in for AUSA Christopher Jones.

THE COURT: Really? Can't stand in -- he owes you a big one, a big favor because this is not -- okay.

Go ahead.

02:30PM MS. RIVERA: Good afternoon, Your Honor. Gabriela Rivera and Cuauhtémoc Ortega on behalf of Mr. Carlitos Ricardo-Parias who is present in court, is being assisted by a Spanish language interpreter. He is on bond in a criminal matter, but he is currently in immigration detention or in immigration custody.

02:30PM THE COURT: Okay. Can I ask the interpreter to please state his name for the record.

THE INTERPRETER: Good afternoon, Your Honor. Jesus Rivera, Spanish interpreter, and oath is on file.

02:30PM THE COURT: Okay. So we're here today to kind of figure out where things stand. You know, on the one hand,

02:31PM

the -- the defendant should not be in custody since he was given bond. But one thing I realized in preparing for today is that the -- at the time that I issued the release order, I wasn't -- well, let me back up.

Cash deposits for bond are pretty unusual, at least even when I was a magistrate judge. And I guess that was an issue here -- or, I mean, that's what the magistrate judge ordered here. And as we were going through the docket, we couldn't find anything indicating on the docket that the cash deposit had been paid. However, the magistrate judge apparently never set a deadline.

02:32PM

I know that I always set deadlines for compliance with the conditions here. So -- I'm sorry. Did somebody just walk in?

02:32PM

MS. MICHAEL: Yes, Your Honor. I was going to ask. Pretrial services.

THE COURT: Yes.

U.S. PROBATION OFFICER CASTELLON: Hello, Your Honor. Armando Castellon.

02:32PM

THE COURT: Can you go sit back there? You're not -- you're part of the court. You're not part of the prosecution.

MS. MICHAEL: I apologize, Your Honor.

THE COURT: Yeah. You can sit in the first row there.

02:32PM

So I got that that I'm dealing with -- oh, yeah. He stated his name already.

You stated your name already; right?

U.S. PROBATION OFFICER CASTELLON: Armando Castellon, United States Pretrial Services.

THE COURT: Okay. Thank you.

So I've got that issue. And defendant never indicated that they wanted to seek a modification of the -- of the bail conditions set by the magistrate judge. So I'm a little -- in terms of where we go from here, I think the only thing to do at this point -- but I want to hear from the parties -- is to set a deadline for the payment of the -- because I think it's a threshold issue before we get to the issue of whether or not he should even be in ICE custody or whether or not I should dismiss the -- the charging document because -- because it's -- you know, keeping him in ICE custody arguably is -- look, I'm going to quote to you a Government's brief that was submitted to me when I was a magistrate judge because I've had this issue come up many times. And I'm quoting from the Government's brief. And the case was *United States v. Banuelos*.

And I'm quoting, "The Government has not sought, nor does it intend, to detain defendant for this criminal prosecution through the civil detention mechanism available to ICE. Rather, the Government has asked defendant be detained by

the USMS," the Marshal Service. "Continued detention by ICE would contravene ICE's statutorily prescribed mission of removal of criminal aliens from the country. It would also contravene the statutes governing ICE's operation."

02:35PM That's your position, the Government's position that you've -- that the Government made to me. Granted, it was years ago, but things haven't really changed as far as ICE's role goes.

But I don't think that issue's even before me

02:35PM because of the bail issue. And -- and so -- so I think the thing I'm going to do now is I'm going to set a deadline for the payment -- and this is what should have been done by the magistrate judge. I'm going to set a deadline for the payment of the $5,000 cash deposit. And, again, that was just an

02:35PM oversight.

I know she didn't grant bail being contingent on the -- on the -- she didn't set a deadline. So there was nothing prohibiting her -- her release order was fine, but she should have set a deadline. And now here we are weeks later --

02:35PM and several weeks later, at least three weeks later. And it hasn't been paid, and there's no indication of when it's going to be paid.

So I think the next step in the process so we can get this in a correct procedural posture to really deal with

02:36PM the issue in front of us about whether this case -- where we go

from here as far as the next steps is setting a deadline for the defendant to submit the $5,000 deposit, the cash deposit. And then we'll have another hearing and see where it goes from there.

02:36PM If the defendant doesn't pay the conditions that Judge Chooljian set -- and, again, defendant did not file any request to modify those conditions. It was only the Government that appealed the -- the bail detention.

And by the way, Ms. Michael, I don't know how long

02:36PM you've been with the office -- it's okay. Just -- but I just want to tell you that the magistrate judge who issued this, I was a magistrate judge with her. She was the chief of the criminal division for -- you know, many, many years at the U.S. Attorney's Office.

02:37PM And when I was a magistrate judge, she was and still has been probably considered one of the more conservative magistrate judges on giving bail. I'm not even sure she'd give me bail. So I just want -- I just want you, you know, to -- to have that -- you know, I just -- it's -- it's -- you know, her

02:37PM whole background was in -- as a prosecutor before she became a judge. So that's -- it's -- it just -- I found it very interesting because I was -- obviously, as a former magistrate judge, I often look to see who it is if I know them. At this point, most of them have retired.

02:37PM But -- and then we'll have to go from there because

if they don't do the cash deposit, then it becomes a non-issue. At that point I will -- I think I won't have any choice but to revoke the bail and put him back in marshal's custody at that point.

02:38PM What are people's -- any -- any comment from anybody at this point? What's the Government's view on this?

MS. MICHAEL: Your Honor, because I am standing --

THE COURT: I know.

MS. MICHAEL: -- standing in on this matter --

02:38PM THE COURT: And that's fine. That's why I said at the beginning, when you made your -- I -- I'm sorry that you were put in this position.

But -- and I only really realized this. Even when I was a magistrate judge, cash deposits for bail were pretty 02:38PM unusual. So they're always -- mostly almost always signature bonds or maybe property bond -- you know, property. And there's -- and there's usually a deadline that's set.

All I know is I was drilled into, even as a magistrate judge, you need to set a deadline for compliance 02:39PM with those conditions. So this really was nobody's fault. It was just an oversight. And I didn't catch it until getting ready -- and had I been aware -- that what I think I would have done the first time around, had I been aware, is I would have set a deadline before I did the release.

02:39PM But at this point, I -- I -- I don't know any other

way to proceed procedurally so that this is -- we're doing everything in compliance with due process and the law and everything else.

MS. MICHAEL: So, Your Honor, the Government has nothing to add beyond what's already been submitted to the Court.

THE COURT: Okay. Defense counsel have anything to say?

MS. RIVERA: Thank you, Your Honor, yes.

I believe that we are now in a position to be able to perfect the bond with respect to the cash deposit.

THE COURT: Okay.

MS. RIVERA: And I guess I would just request --

THE COURT: You need more time? I'm fine. I was just going to -- Monday was the day I picked because I don't have any openings on my calendar until the earliest of next week of Tuesday or Wednesday.

MS. RIVERA: And we were going to propose Monday, December 8th, as well. And the only additional request is that that cash deposit be able to be made by Mr. Parias's son, Ulises Parias, who is one of the sureties and is also here in court. And I should have --

THE COURT: Okay. And that's fine. It's basically -- I mean, I know you're asking -- essentially asking -- making an oral modification. But since he was

already approved for the purposes of the signature bond, he certainly can be approved for the cash bond. So I'll allow that. That's not an issue.

MS. RIVERA: Thank you.

02:40PM THE COURT: Is Monday a sufficient deadline to -- to submit the -- the cash?

MS. RIVERA: Your Honor, if I could just have one moment to confirm?

THE COURT: Take your time. Take your time.

02:40PM (Pause in the proceedings.)

MS. RIVERA: Thank you, Your Honor. Yes, that -- that should work fine for us.

THE COURT: Okay. So then I think we -- we'll come back here, then, for -- that's assuming it's paid and -- by

02:41PM Monday, we'll come back here Tuesday at --

At what time? 10:00? 9:30? 10:00?

-- Tuesday, at 10:00 AM for further proceedings to see where -- where things stand.

And, otherwise, is there anything else? I -- I know

02:41PM you're in a tough position. You don't have -- but from the defendant, is there anything else at this time?

MS. RIVERA: Thank you, Your Honor. There is just -- just one sort of housekeeping issue. And I guess we'd request some sort of sense of the Court's availability, given

02:42PM the fast approaching trial date of December 30th.

We would, of course, like to keep that date, if possible, but there are some motions that -- that were -- contemplating motions to dismiss the case, for example, for outrageous Government misconduct. We'd like to be able to meet and confer with the Government about the motions about some discovery disputes that we've already met and conferred about. We'd like to confer further.

02:42PM

And so we'd like to be able to keep the December date, if possible, but recognize --

THE COURT: I think -- I think we can keep it. Obviously the most we would do that day, because it's the day before New Year's Eve, is probably just select a jury and then have them come back after.

02:42PM

Usually you have a -- let me ask the Government to -- unless you both know what the true T max date is. I usually require the Government to submit a notice of -- to do the calculation and submit the notice of the T max calculations because often there's a week or two cushion built in. And we could start it the Tuesday after the holidays, January --

02:42PM

THE COURTROOM DEPUTY: 6th.

02:43PM

THE COURT: -- January 6th or we can start it on the 30th and -- but the most we'll get done on the 30th is jury selection and maybe opening on that day.

But -- so I guess the first thing to do is can you have your office or the lawyer who's working on this by

02:43PM

tomorrow submit the true T max date --

MS. MICHAEL: Yes, Your Honor.

THE COURT: -- so we know what's going on? Okay.

MS. RIVERA: Thank you, Your Honor.

02:43PM THE COURT: Does that work, Ms. Rivera?

MS. RIVERA: That does. And to the extent that the defense is contemplating requesting any sort of continuance, we'll meet and confer with the Government about that.

THE COURT: Okay. And then -- and we can talk more 02:43PM next Tuesday. But as of -- as of right now, I guess we'll keep the trial date as is on the 30th. And then once we know the T max date, we'll see how much flexibility, if any, we have.

My experience is that when I get these from the Government, when I ask them, it's usually an extra week to ten 02:44PM days on top of whatever the true date is. So we'll see what the calculations show.

I do obviously want you guys to work out, you know -- and, again, I know you're not -- this is not your case, but I do want you to work out, if you can, all the -- the 02:44PM discovery issues that you have. The Government should have turned over all the discovery by now.

I believe the discovery cutoff based on December 30th would be coming in pretty soon. Right?

MS. RIVERA: It -- I believe it's tomorrow, 02:44PM Your Honor, pursuant to the Court's criminal order in this

case.

THE COURT: Okay. Okay. Well, we'll go from there.

So we'll see you, then. I'll -- and probably not you, Ms. Michael. Sorry that you were forced to be here today for this. But we'll see you all next Tuesday, then.

02:45PM

Thank you.

MS. RIVERA: Thank you, Your Honor.

THE COURTROOM DEPUTY: Court is in recess.

(Proceedings concluded at 2:45 PM.)

**CERTIFICATE OF OFFICIAL REPORTER**

COUNTY OF LOS ANGELES )
)
STATE OF CALIFORNIA )

I, MYRA L. PONCE, FEDERAL OFFICIAL REALTIME COURT REPORTER, IN AND FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT TO SECTION 753, TITLE 28, UNITED STATES CODE THAT THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

DATED THIS 12TH DAY OF JANUARY, 2026.

/S/ MYRA L. PONCE

MYRA L. PONCE, CSR NO. 11544, CRR, RDR
FEDERAL OFFICIAL COURT REPORTER